UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL E. VAHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-02149-NCC |
| ) | |
| SAFE ENVIRONMENT ) | |
| BUSINESS SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for the Appointment of Counsel (Doc. 3). Plaintiff asserts that (1) he believes he is entitled to redress; (2) he is unable to pay a reasonable attorney fee; and (3) he has made diligent efforts to obtain legal counsel (*Id.*). For the following reasons, Plaintiff's motion will be denied without prejudice.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court, since there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Once plaintiff alleges a prima facie claim, the Court must determine plaintiff's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both plaintiff and the Court would benefit from the assistance of counsel. *Edwards v. Dwyer*, 2008 WL 222511 at *1 (E.D. Mo. Jan. 25, 2008) (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent

person to present the claims, and the complexity of the legal arguments." *Id. See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

After reviewing Plaintiff's Complaint (Doc. 1), the Court does not believe that either the factual or legal issues are complex. Furthermore, it appears to the Court that Plaintiff is clearly capable of articulating and presenting his claims. In fact, Plaintiff's Complaint and his other various motions (*See, e.g.,* Docs. 8, 13) are coherent and direct. For these reasons, the Court finds that appointment of counsel is not mandated at this time, and Plaintiff's motion should be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for the Appointment of Counsel (Doc. 3) is **DENIED** without prejudice.

Dated this 30th day of June, 2017.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE