UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL E. VAHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-cv-02149-NCC |
| | ) |
| SAFE ENVIRONMENT | ) |
| BUSINESS SOLUTIONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the case file. On December 27, 2016, *pro se* Plaintiff filed an employment discrimination action against Defendant Safe Environment Business Solutions (Doc. 1). Plaintiff's accompanying Motion for Leave to Proceed In Forma Pauperis was granted and service was effected by the U.S. Marshals Service (Docs. 6, 7). On March 22, 2017, Plaintiff filed a Motion for Default Judgment against Defendant (Doc. 8). However, the record did not reflect either an entry of default against Defendant or a request for such an entry. Accordingly, the Court directed Plaintiff to file a Motion for Clerk's Entry of Default by May 1, 2017 (Doc. 9). On April 28, 2017, Defendant filed a Motion for Leave to File Responsive Pleading Out of Time requesting an additional fourteen (14) days to file a responsive pleading (Doc. 11). In support of its Motion, Defendant asserted that Plaintiff was not employed by the named Defendant but, instead, employed by S.E.B. Services of New York ("S.E.B. Services") (Doc. 12 at 2 n.3). Therefore, although service appears to have been properly effected on SEB Solutions, Defendant argued that it spent a significant amount of time trying to connect the instant lawsuit with an active employing agency. While Defendant's Motion was pending, Plaintiff filed a Motion for Clerk's Entry of Default (Doc. 13), and the Clerk of Court granted

Plaintiff's Motion and entered Default as to Defendant (Doc. 15). On May 18, 2017, the Court granted Defendant's Motion for Leave to File Responsive Pleading Out of Time and vacated the Clerk's Entry of Default (Doc. 18).

On May 25, 2017, Plaintiff filed an Amended Motion for Default Judgment and a Motion for Reconsideration (Docs. 19-21). Plaintiff's Amended Motion for Default Judgment appears to be a renewal of Plaintiff's prior Motion for Default Judgment in light of the Clerk's Entry of Default. For that reason, the Court will deny the Amended Motion as moot. However, the Court notes that Plaintiff asserts in his Motion for Reconsideration that Defendant failed to properly serve him with several of its motions contrary to the certificates of service filed with this Court (Doc. 21). Plaintiff indicates that he is only aware of these filings because of his access to the Court's PACER system (*Id.* at 1).

On June 1, 2017, Defendant filed an answer to Plaintiff's Complaint (Doc. 22). On June 14, 2017, Plaintiff filed a Motion to Strike Defendant's Affirmative Defenses again stating that Defendant failed to properly serve him with the answer (Doc. 24). Plaintiff further asserts that although he contacted Defendant, presumably via counsel, counsel stated, "You either have it or you don't" (*Id.* at 3). Defendant filed a response to Plaintiff's Motion to Strike (Doc. 26) correctly noting that "[s]ervice may be accomplished by mail and 'service by mail is complete upon mailing.'" *Miller v. Benson*, 51 F.3d 166, 169 (8th Cir. 1995). Regardless, the Court is concerned with the fair, efficient, and just resolution of this case. While the Court will not grant Plaintiff's Motion for Reconsideration and will not vacate its order setting aside the Clerk's Entry of Default, the Court has reconsidered its position on Plaintiff's previous Motion to Appoint Counsel. Although the issues in this case do not appear to be complex and Plaintiff is clearly capable of articulating and presenting his claims, the Court finds that both Plaintiff and

the Court would be benefited by the assistance of counsel.  As such, the Court will appoint Plaintiff counsel and direct counsel to file an amended complaint on Plaintiff's behalf.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Motion for Default Judgment (Doc. 19) is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to appoint Plaintiff counsel pursuant to the Plan for the Appointment of Pro Bono Counsel.  A separate Notice of Appointment of Pro Bono Counsel shall be entered by the Clerk.

**IT IS FURTHER ORDERED** that the Clerk shall provide a complete copy of the court file to Plaintiff's appointed counsel at no cost.

**IT IS FURTHER ORDERED** that Plaintiff's newly appointed counsel shall have until **November 17, 2017** to file an amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that, in light of the appointment of counsel and forthcoming amended complaint, Plaintiff's Motion to Strike (Doc. 24) is **DENIED, as moot**.

Dated this 17th day of October, 2017.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE