UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL E. VAHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-CV-02149-NCC |
| | ) |
| SAFE ENVIRONMENT | ) |
| BUSINESS SOLUTIONS and | ) |
| S.E.B. SERVICES OF NEW YORK, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants S.E.B. Services of New York, Inc. and Safe Environment Business Solutions'("Defendants") Motion to Compel (Doc. 58). Defendants request the Court direct Plaintiff to (a) fully answer each of Defendants' first set of interrogatories; and (b) fully respond to each of Defendants' first set of document requests and produce all responsive documents in his possession, custody, and/or control within fourteen (14) days of the entry of the Court's Order (*Id.* at 4). Defendants also request reasonable expenses including attorneys' fees incurred in the filing of this Motion (*Id.*). In support of their Motion, Defendants indicate that they served their first set of discovery requests on Plaintiff, including their first set of interrogatories and document requests, on June 8, 2018 (*Id.* at 2). Therefore, the discovery was due to Defendants by July 9, 2018 (*Id.*). By email dated July 5, 2018, a staff member on behalf of counsel for Plaintiff requested a 30-day extension of time as counsel was out of town (*Id.*). Defense counsel agreed to a two-week extension of time, "provided there were no objections to Defendant's [sic] discovery" (*Id.*). Although unclear from the Motion, Plaintiff's counsel or his representative responded to the consented extension of time indicating that failing to agree unless there are no objections is "not only absurd, but has no legal merit"

(*Id.*). It is not apparent from the Motion if any other discussion of the discovery issues occurred in the month since the limited email exchange. However, Defendants' counsel certifies that he made a good faith effort to confer with Plaintiff's counsel to resolve this discovery dispute without court action and provides a certification to that effect, noting only the July 5, 2018 email and stating that further communication was unnecessary considering the "terse response" indicating that Plaintiff's counsel would file a motion for extension of time (*Id.* at 5).

Federal Rule of Civil Procedure 37(a)(1) requires the parties to confer, or attempt to confer, in good faith prior to the filing of a motion to compel. This is reiterated in Local Rule 3.04 which requires movant's counsel to confer in person or by telephone with opposing counsel in good faith or make reasonable efforts to do so. "'Good faith' requires 'a genuine attempt to resolve the discovery dispute through nonjudicial means,' and 'conferment' requires the parties 'to have had an actual meeting or conference.'" *Williams v. Cent. Transp. Int'l, Inc.*, No. 4:13-CV-2009 CEJ, 2014 WL 6463306, at *2 (E.D. Mo. Nov. 17, 2014). *See, e.g. Black Hills Molding, Inc. v. Brandom Holdings, LLC,* 295 F.R.D. 403, 409 (D.S.D. 2013) (noting "good faith" effort by defense counsel included no less than seven contacts by telephone, email, letter and in-person conversations). The requirement to confer in good faith is critical to the litigation process. This requirement helps to narrow the issues presented to the Court and to eliminate unnecessary motion practice. It is not an empty formality. *See Williams* 2014 WL 6463306, at *2. In this case, Defendants' counsel did not complete the required good faith attempt to confer with Plaintiff's counsel in person or by telephone. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003) to note the difference between "an attempt to confer" and a "good faith attempt to confer"). Therefore, although Plaintiff's counsel has not yet had a chance to respond to this

Motion, the Court will deny the Motion without prejudice. The Court is hopeful that, upon further discussion, counsel can resolve this matter amicably and efficiently.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel (Doc. 58) is **DENIED, without prejudice**.

Dated this 10th day of August, 2018.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE